UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY CADENA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-24-715-R |
| | ) |
| ROCK RIDGE INSURANCE COMPANY; | ) |
| and OPENLY, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Rock Ridge Insurance Company and Openly, LLC's Motion to Partially Quash Plaintiff's Rule 30(b)(6) Deposition Notices [Doc. No. 38], as well as Plaintiff Wesley Cadena's Motion to Compel [Doc. No. 44]. Both motions are fully briefed and at issue. For the reasons that follow, Defendants' Motion is GRANTED, and Plaintiff's Motion is DENIED.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

While the scope of discovery under this rule is broad, "it is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal

1

quotation omitted). When the relevance of a particular discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested." *Barton v. Tomacek*, No. 11-CV-0619-CVE-TLW, 2012 WL 4735927, at *4 (N.D. Okla. Oct. 3, 2012). But when the discovery request appears relevant, the party resisting the request has the burden of showing that the request falls outside the scope of permissible discovery. *Id*.

### A. Defendants' Motion to Partially Quash

Defendants seek to quash Plaintiff's Rule 30(b)(6) deposition subpoena to depose a corporate representative of Defendants on the issue of punitive damages. Defendants argue that Plaintiff should not be permitted to depose a corporate representative regarding Openly's financial condition. Doc. No. 38 at p. 2. They argue instead that a balance sheet is sufficient to provide Plaintiff with knowledge of Defendants' financial condition. *Id*. at pp. 2-3.[1]

Information about Defendants' financial condition is relevant to Plaintiff's punitive damages claim. *See* Okla. Stat. tit. 23, § 9.1(A)(7); *see also E.E.O.C. v. Midwest Reg. Med. Ctr., LLC*, No. CIV-13-789-M, 2014 WL 2560704, *4 (W.D. Okla. June 6, 2014) ("The Tenth Circuit has found that the financial wealth of a corporation is relevant to punitive damages.") (citing *Cont'l Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996)). But the Court notes that "[w]hile evidence of a defendant's financial condition is

---

[1] Defendants' Motion was filed before the disposition of their Motion for Partial Summary Judgment. Their arguments predicated on withholding discovery regarding punitive damages until disposition of the Motion for Partial Summary Judgment are therefore disregarded.

indisputably relevant to a claim for punitive damages, courts remain wary of oppressive or needlessly invasive financial discovery." *CMI Roadbuilding, Inc. v. SpecSys, Inc.*, No. CIV-18-1245-G, 2021 WL 843194, *2 (W.D. Okla. Mar. 5, 2021) (citations and quotation marks omitted). And as observed in *CMI Roadbuilding*, "[t]he scope of permissible financial discovery under Okla. Stat. tit. 23, § 9.1(A) is far from settled." *Id*.

Here, the Court finds Defendants' argument and cited authorities persuasive. *See Hellard v. Mid Century Ins. Co.*, No. 19-CV-43-GKF-FHM, 2020 WL 5865871, *1 (N.D. Okla. Oct. 1, 2020) ("case law establishes that to the extent that Defendant's financial condition is relevant to a punitive damages claim, the inquiry is limited to Defendant's current net worth, as disclosed on a balance sheet."); *see also Toussaint-Hill v. Montereau in the Warren Woods*, No. 07-CV-179 GKF/SAJ, 2007 WL 3231720, *1 (N.D. Okla. Oct. 29, 2007) ("Should the court allow the claim for punitive damages to proceed, Defendant is directed to produce to Plaintiff one balance sheet showing net worth for the year 2006 within 20 days of the court's order allowing Plaintiff's punitive damages claim to proceed."). Accordingly, because the Court finds Plaintiff's requested deposition to be beyond the scope of proportional financial discovery in this case, Defendant's Motion is granted. Plaintiff is, however, entitled to the most recent balance sheets showing Defendants' net worth. Defendants are ordered to produce those balance sheets within 10 days of this Order.

### B. Plaintiff's Motion to Compel

Plaintiff moves to compel two types of evidence: (1) Defendants' financial information from 2020 to present, Doc. No. 44 at pp. 9-13; and (2) the claim files of 22

3

insured properties within the same zip code of Plaintiff's home, *id.* at pp. 13-17. In support of his Motion, Plaintiff contends that his request for financial information is relevant to his claim for punitive damages, that his request for the claim files is relevant to his bad faith claim, and that Defendants waived their objections by asserting only general, boilerplate objections. *Id.* at p. 1. Defendants largely ignore Plaintiff's arguments regarding waiver and punitive damages,[2] focusing instead on the request for claim files of customers in the surrounding area. Doc. No. 55 at pp. 1-4. They contend that the Motion should be denied because (1) Defendants do not dispute that hail impacted Plaintiff's home on the date of loss, making the claim files irrelevant, *id.* at pp. 1-2; and (2) review and redaction of the requested claim files would include over 60 hours of additional work, rendering the request unduly burdensome, *id.* at p. 2. Additionally, Defendants argue that Plaintiff waited an unreasonable amount of time to file his Motion.[3] *Id.* at pp. 3-4. Plaintiff counters that he attempted to resolve the discovery dispute using methods other than a motion to compel, and that discovery of the claim files is especially appropriate because Defendants' corporate representative was permitted to review them while preparing for his deposition [Doc. No. 59 at p. 1].

---

[2] In their Response, Defendants argue that Plaintiff's requested information pertaining to his claim for punitive damages is irrelevant because his punitive damages claim is meritless [Doc. No. 55 at p. 4]. Like their Motion to Quash, Defendants' Response was filed before the Court's Order on Defendants' Motion for Partial Summary Judgment. Defendants' argument is therefore not relevant to the instant disposition.

[3] Defendants contend that Plaintiff has been aware of their objection to the discovery of the requested financial information for seven months. *Id.* at p. 3.

1. **Defendants' Financial Information**

The analysis above discussing Defendants' Motion to Quash controls Plaintiff's requests for financial information. The requests are overly broad and not proportional to the needs of the case. Plaintiff's Motion regarding financial information is therefore denied.

2. **Claim Files**

Moving to the requested claim files, "evidence of an insurance company's general business practices is relevant in a bad faith case." *Broadway Park, L.L.C. v. Hartford Cas. Ins. Co.*, No. CIV-05-584-M, 2006 WL 2321410, *2 (W.D. Okla. Aug. 9, 2006) (citing *Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1218-19 (10th Cir. 1998). In *Broadway Park*, the plaintiff's motion to compel claim files within a one-mile radius of its property on the date of loss was granted where it (1) alleged that the claim files would show that the defendant had practice of wrongfully denying claims or that there was disparity in how the defendant treated claims; and (2) narrowly tailored its request in both time and location. *Id*.

Here, the Court finds that Plaintiff's request is narrowly tailored, as he seeks claim files from properties within his zip code and that filed claims on the subject date of loss. But Plaintiff does not predicate his Motion on Openly's general business practice of denying similar claims, and he makes only a passing mention of such grounds in his Motion. *See* Doc. No. 44 at p. 16. Instead, Plaintiff's request is premised on Openly's alleged failure to conduct an adequate and reasonable investigation into his claim. Plaintiff notes three reasons the claim files are relevant to his bad faith claim: "(1) Defendant had hail claims in Plaintiff's area and paid for hail; (2) whether defendants in those other claims

5

ever investigated or considered damages in the vicinity; and (3) Openly, LLC denied claims similar to Plaintiff's." *Id*. at pp. 15-16. But the facts underlying these grounds are either undisputed or not relevant. For example, in his deposition, Openly's corporate representative noted that Openly made payments on all the roof claims on the date of loss in Plaintiff's vicinity [Doc. No. 55-4 at p. 132]. Additionally, Openly does not deny that it did not investigate or consider damages to surrounding properties during the investigation of *Plaintiff's* claim. Whether it did so regarding surrounding claims is not relevant to Plaintiff's bad faith claim. Finally, the Court does not see how similar denials would be relevant to Plaintiff's bad faith claim. In any event, Plaintiff's request would raise the specter of having to litigate the propriety of all the other claims. Plaintiff's Motion is therefore denied.[4]

Accordingly, Defendants' Motion to Partially Quash is GRANTED, and Plaintiff's Motion to Compel is DENIED.

---

[4] In his Reply, Plaintiff argues that he is entitled to discovery of the claim files because they were reviewed by Defendants' corporate representative before his deposition. Plaintiff cites to *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 397 (D. Or. 2017) for the proposition that he has a greater right to discover the documents because they were reviewed by Defendants' corporate representative. However, the legal statements set forth in *Adidas* and relied on by Plaintiff here are within the context of Federal Rule of Evidence 612, and objections based on attorney-client privilege and the work-product doctrine. *Id*. To the extent Plaintiff seeks to invoke Rule 612 to gain access to the claim files, such argument is not clear from the face of his Reply brief. Moreover, given Plaintiff's ability to depose the corporate representative regarding the claim files, as well as the limited relevance the claim files have in relation to Plaintiff's bad faith claim, the Court is not persuaded that justice requires production of the claim files.

IT IS SO ORDERED this 22nd day of May, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE